**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| EDWARD W. THIELE JR., | ) | NO. ED CV 05-240-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 23, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 19, 2005. Plaintiff filed a motion for summary judgment on

1   August 29, 2005.  Defendant filed a cross-motion for summary judgment

2   on September 28, 2005.  The Court has taken both motions under

3   submission without oral argument.  See L.R. 7-15; "Order," filed

4   March 28, 2005.

5

6               **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8        Plaintiff asserts disability based on, _inter alia_, alleged

9   mental impairments (Administrative Record ("A.R.") 26, 85, 110, 332-

10  33).  The Administrative Law Judge ("ALJ") found Plaintiff has no

11  severe mental impairment (A.R. 13-18).  The Appeals Council denied

12  review (A.R. 5-7).

13

14                         **STANDARD OF REVIEW**

15

16       Under 42 U.S.C. section 405(g), this Court reviews the

17  Commissioner's decision to determine if: (1) the Commissioner's

18  findings are supported by substantial evidence; and (2) the

19  Commissioner used proper legal standards.  See _Swanson v. Secretary_,

20  763 F.2d 1061, 1064 (9th Cir. 1985).

21

22                             **DISCUSSION**

23

24       Social Security Ruling ("SSR") 85-28[1] governs the evaluation of

25  whether an alleged impairment is "severe":

26  _____

27       [1]   Social  Security  rulings  are  binding  on  the
    Administration.  See _Terry v. Sullivan_, 903 F.2d 1273, 1275 n.1
28  (9th Cir. 1990).

2

An impairment or combination of impairments is found
'not severe' . . . when medical evidence establishes
only a slight abnormality or a combination of slight
abnormalities which would have no more than a minimal
effect on an individual's ability to work . . . i.e.,
the person's impairment(s) has no more than a minimal
effect on his or her physical or mental ability(ies)
to perform basic work activities . . .

Great care should be exercised in applying the not
severe impairment concept.  If an adjudicator is unable
to determine clearly the effect of an impairment or
combination of impairments on the individual's ability
to do basic work activities, the sequential evaluation
process should not end with the not severe evaluation
step.

If such a finding [of non-severity] is not clearly
established by medical evidence, however, adjudication
must continue through the sequential evaluation
process.  SSR 85-28 at 22-23.

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the
severity concept is "a de minimis screening device to dispose of
groundless claims").

In the present case, the medical evidence does not "clearly
establish [ ]" the non-severity of Plaintiff's alleged mental

3

impairments.  Dr. Xavier J. Caro, a treating physician, administered

a series of tests that appeared to demonstrate significant problems

with Plaintiff's mental functioning (A.R. 332-33).  Testing showed

"marked impairment of response time" (A.R. 332).  Other "abnormal"

test results suggested the presence of attention deficit disorder

(A.R. 332).  Dr. Caro concluded Plaintiff was in need of neurotherapy

for his "neurocognitive dysfunction with features of attention

deficit disorder" (A.R. 333).  Defendant argues that none of these

findings would cause a more than minimal effect on Plaintiff's

ability to perform basic work activities.  On the present medical

record, the Court cannot confidently so conclude.  Accordingly, the

ALJ erred by finding Plaintiff's alleged mental impairments non-

severe.  See SSR 85-28; Smolen v. Chater, 80 F.3d at 1290.


     When a court reverses an administrative determination, "the

proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation."  INS v. Ventura,

537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

proper where, as here, additional administrative proceedings could

remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

1496, 1497 (9th Cir. 1984).

///

///

///

///

///

///

4

1

**CONCLUSION**

2

3      For all of the foregoing reasons,[2] Plaintiff's and Defendant's

4   motions for summary judgment are denied and this matter is remanded

5   for further administrative action consistent with this Opinion.

6

7      LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9      DATED:  September 30, 2005.

10

11              _____/S/_____

                        CHARLES F. EICK
12              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.